JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria Dillihunt<br><br>v.<br><br>King Charles III, et al.<br><br>PLAINTIFF(S) / DEFENDANT(S) | CASE NUMBER<br><br>2:23-cv-02659-FMO-MAR<br><br>**ORDER ON REQUEST TO PROCEED**<br>*IN FORMA PAUPERIS*<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| April 12, 2023 | /s/ Fernando M. Olguin |
| Date | United States District Judge |

CV-73 (07/22)   **ORDER ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* **(NON-PRISONER CASE)**

Plaintiff Victoria Dillihunt ("Plaintiff") has filed a request to proceed in forma pauperis ("IFP") in connection with this action.  ECF Docket No. ("Dkt.") 2, IFP Request.  The Court has screened the Complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  The district court may make the frivolousness determination before granting IFP status.  See 28 U.S.C. § 1915A; see also O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) (district court may deny IFP status if it appears from the face of the complaint that the action is frivolous or without merit).

Plaintiff has filed nine (9) other complaints, along with requests to proceed IFP.  Each of these cases has been dismissed as malicious, frivolous, and/or for failure to state a claim.  See 2:23-cv-02417-FMO-MAR; 2:23-cv-02418-FMO-MAR; 2:23-cv-02071-FMO-MAR; 8:23-cv-00473-FMO-MAR; Victoria Dillihunt v. Department of Health and Human Services et al, Case No. 2:22-cv-08516-CJC (MAR); Victoria Dillihunt v. Beyonce Knowles et al, Case No. 2:22-cv-08817-CJC (MAR); Victoria Dillihunt v. Mike Scott et al, Case No. 2:22-cv-09097-FMO (MAR); Victoria Dillihunt v. Barack Obama et al, Case No. 2:23-cv-00542-FMO (MAR); Victoria Dillihunt v. Xi Jinping, 2:23-cv-01150-FMO-MAR.

The Complaint presents unintelligible and nonsensical allegations against defendants who do not appear to be subject to suit under 42 U.S.C. § 1983.  Plaintiff purports to present claims based on her 1st and 13th Amendment rights but mostly cites biblical scriptures.  Dkt. No. 1, Complaint.  Even liberally construing Plaintiff's Complaint, it is impossible to discern the substance of her claims.  To the extent Plaintiff attempts to allege violations of her federal constitutional rights, she has failed to comply with Federal Rule of Civil Procedure 8 because she has not clearly set forth simple, concise, and direct allegations sufficient to state how Defendants violated Plaintiff's right and, thus, has not provided Defendants with fair notice of Plaintiff's claims.  See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).

Because Plaintiff's action is legally and/or factually patently frivolous, Plaintiff's request to proceed IFP is DENIED and this action is DISMISSED WITHOUT PREJUDICE.  See Hendrix v. Vasquez, 908 F.2d 490, 491(9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are vague [or] conclusory or palpably incredible . . . or patently frivolous or false.") (citations and internal quotation marks omitted).

*(attach additional pages if necessary)*